STATE OF OHIO, FOR USE OF, ETC. v. FRANK COTTLE, ADMR., ET AL.

SURETIES ON OFFICIAL BOND NOT LIABLE FOR MONEY RECEIVED BY PRINCIPAL NOT COLORE OFFICII.

> The sureties on the bond of a school official are not liable for money received by their principal not *colore officii*, but by virtue of a rule adopted by the board of education without authority and contrary to law; nor does the failure of such official to order the person who paid him the money to pay it to the officer entitled to receive it, constitute a breach of his official bond such as will render his sureties thereon liable, when the loss was caused not by such failure, but by reason of their principal unlawfully appropriating the money to his own use after it had improperly come into his hands, together with the confusion created by the unlawful rule referred to.

ERROR to Hamilton common pleas court.

**Chas. J. Hunt** and **M. R. Waite,** for plaintiff in error.

**Frank F. Dinsmore** and **Harrison & Aston,** for defendant in error.

**JELKE, J.**

The rule adopted by the board of education on May 31, 1887, was without authority and contrary to law. Hence it was beyond the pale of George R. Griffiths' official duties to receive the money as alleged in the petition. We do not think this is a case of acts done *colore officii* because there were no other similar acts pertaining to his office prescribed by law.

It is different in this respect from levies made by constables and sheriffs on strangers' goods.

The contention made by Mr. Waite that there was a breach of duty in failing to order the person paying the money to pay the same to the treasurer, is entitled to some weight. There are two objections to this: First, there was confusion created by the unlawful rule of May 31, 1887, made by the board, the relator herein; and, second, this did not cause the loss; the loss was made by Griffiths unlawfully appropriating the money to his own use after it had improperly come into his hands.

Applying the principles *strictissimi juris* shielding sureties we think the court below did right in sustaining the demurrer to the third amended petition against said sureties.

Judgment affirmed.

**Swing** and **Giffen, JJ.,** concur.